UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPTIGEN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL GENETICS, INC., et al,<br><br>    Defendants. | Civil No. 09-cv-00006<br>(GTS/GJD)<br>(LEAD CASE) |
| OPTIGEN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS A&M UNIVERSITY SYSTEM, ERNEST GUS COTHRAN, DNA DIAGNOSTICS, INC., d/b/a SHELTERWOOD LABORATORIES, MELBA S. KETCHUM, INTERNATIONAL GENETICS, INC., GENETIC FULFILLMENT USA, LLC, PINPOINT DNA TECHNOLOGIES, INC., and RICHARD B. DOBBINS,<br><br>    Defendants. | **CONSENT JUDGMENT**<br><br><br>Civil No. 5:09-CV-457<br>(GTS/GJD)<br>(MEMBER CASE) |

WHEREAS, Plaintiff OptiGen, LLC ("OptiGen") filed a complaint in this matter on April 17, 2009 (the "Complaint"), against Defendant Texas A&M University System ("Texas A&M"), among others, alleging patent infringement and unfair competition claims related to the testing of canine DNA for certain genetic disorders;

WHEREAS, this Consent Judgment shall not be construed as an admission of wrongdoing or liability by Texas A&M;

NOW, THEREFORE, in the interest of resolving OptiGen's claims asserted against Texas A&M, before the taking of any testimony and without trial or adjudication of any issue of

fact or law herein, OptiGen, Texas A&M and its employees (including but not limited to Dr. Ernest Gus Cothran) (hereinafter collectively referred to as the "Parties") hereby stipulate and consent to entry of this Consent Judgment, pursuant to Fed. R. Civ. P. 54 and 58, as set forth below:

1. Texas A&M and its employees (including but not limited to Dr. Cothran) shall be permanently enjoined from all activity that constitutes practicing the inventions contained in the following patents:

   (i)   U.S. Patent No. 5,804,388
   (ii)  U.S. Patent No. 6,201,114
   (iii) U.S. Patent No. 6,210,897
   (iv)  U.S. Patent No. 6,428,958
   (v)   U.S. Patent No. 7,312,037

2. Texas A&M shall be permanently enjoined from all activity that constitutes practicing the inventions for commercial purposes of the invention contained in U.S. Patent No. 7,285,388.

3. Texas A&M and its employees (including but not limited to Dr. Cothran) shall not provide others with material assistance in practicing the inventions contained in the patents identified in paragraphs 1 and 2. The prohibition contained in this paragraph is without geographical limitation, and prohibits Texas A&M and Dr. Cothran from providing material assistance to any person or entity located anywhere in the world. The Parties acknowledge and agree that the teaching and/or practice of general testing techniques that have no specific relationship to the patents at issue does not, in and of itself, constitute the provision of material assistance prohibited by this paragraph.

4. Without limiting the foregoing, the Parties agree that testing canine DNA for the following genetic disorders is conduct prohibited by paragraphs 1, 2, and 3 of this Consent Judgment: PRCD (Progressive Rod-Cone Degeneration); CLAD (Canine Leukocyte Adhesion

Deficiency); CSNB/prad (Congenital Stationary Night Blindness or Retinal Dystrophy); and that testing canine DNA for FN (Autosomal Recessive Nephropathy) is prohibited unless done by Texas A&M for research and educational purposes only.

5. Texas A&M and its employees (including but not limited to Dr. Cothran) agree that they will not contest the validity of the patents identified in paragraph 1 or 2.

6. This Consent Judgment shall bind Texas A&M, its agents, employees, officers, directors, and affiliates (including but not limited to Dr. Cothran), and shall be binding on any and all successors and assigns of Texas A&M, and its agents, employees, officers, directors, and affiliates.

7. All factual statements and representations set forth in this Consent Judgment are made solely for the purposes of settlement. The parties agree that this Consent Judgment shall be entered without Findings of Fact and Conclusions of Law having been made and entered by the Court. The provisions of this Consent Judgment shall not be construed or deemed an admission or acknowledgement by Texas A&M of any liability or fault or fact or of the application of any law with respect to any claim that may be asserted against Texas A&M under Federal or State law by any person or entity.

8. Nothing in this Consent Judgment shall be construed to waive, limit, or affect any right, claim or remedy OptiGen or Texas A&M may have against any other person related to this action, including but not limited to any other defendant in this action.

9. Nothing in this Consent Judgment shall be construed to waive, limit, or affect any right, claim or remedy any remaining defendant may have against any other person related to this action, including but not limited to Texas A& M, or any other defendant in this action.

10. Nothing in this Consent Judgment shall be construed as an adjudication of the validity or infringement of the patents at issue in this action.

11. Nothing in this Consent Judgment shall be construed to waive, limit, or affect any right, claim or remedy Texas A&M may have under a certain Agreement for Release of Invention Rights executed on or about December 7, 2005.

12. Nothing contained in this Consent Judgment prohibits OptiGen from seeking discovery from Texas A&M in support of its claims against the remaining defendants in this action.

13. The Parties have read this Consent Judgment and voluntarily agree to its entry.

14. The remaining defendants in these actions do not object to entry of this Consent Judgment.

15. In consideration of the stipulated relief, the sufficiency of which is acknowledged, OptiGen shall fully and completely release Texas A&M, including all of its past and present agents, employees, officers, directors, and affiliates (including but not limited to Dr. Cothran) of any and all claims connected with or arising out of the allegations contained in the Complaint in the above-captioned action, up to and including the date of this Consent Judgment.

16. The Parties agree to bear their own costs and fees in this matter.

17. Each Party participated in the drafting of this Consent Judgment, and each agrees that the Consent Judgment's terms may not be construed against or in favor of any Party by virtue of draftsmanship. Each signatory further agrees they have authority to enter into this Consent Judgment. Texas A&M represents that this Consent Judgment has been duly authorized under Texas A&M University System Policy 9.04.

18. This Consent Judgment, including any issues relating to its interpretation or enforcement, shall be governed by the laws of New York. The Court shall retain jurisdiction over this matter to enforce the terms of this Consent Judgment.

Dated: February 4, 2010

                        OPTIGEN, LLC

              By:   s/Jodyann Galvin
                   HODGSON RUSS LLP
                   Jodyann Galvin
                   The Guaranty Building
                   140 Pearl Street
                   Buffalo, New York 14202
                   Telephone: (716) 856-4000

                   *Attorneys for Plaintiff OptiGen, LLC*

                   TEXAS A&M UNIVERSITY SYSTEM

              By:   s/Andrew C. Smith
                   PILLSBURY WINTHROP SHAW PITTMAN LLP
                   David A. Crichlow
                   Andrew C. Smith
                   1540 Broadway
                   New York, NY 10036-4039
                   Telephone: (212) 858-1000
                   Facsimile: (212) 858-1500

                   *Attorneys for Defendant Texas A&M University System*

                   s/Dr. Ernest Gus Cothran
                   Dr. Ernest Gus Cothran (proceeding *pro se*)
                   Texas A&M University
                   Department of Veterinary Integrative Biosciences
                   College of Veterinary and Biomedical Sciences
                   TAMU 4458
                   College Station, TX 77843-5548
                   Telephone: (979) 845-0229
                   Fax: (979) 847-8981

SO ORDERED                              BY THE COURT

Dated: 2/6/10

_____
Hon. Glenn T. Suddaby
United States District Judge

042290/00002 Litigation 7223935v1