UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

OPTIGEN, LLC,

Plaintiff

v.

Civil No. 09-cv-00006

INTERNATIONAL GENETICS, INC.,
GENETIC FULFILLMENT USA, LLC,
PINPOINT DNA TECHNOLOGIES, INC.,
and RICHARD B. DOBBINS,

Defendants.

---

# OPTIGEN, LLC'S MEMORANDUM IN OPPOSITION TO INTERNATIONAL GENETICS, INC.'S MOTION FOR RECONSIDERATION AND FOR CERTIFICATION FOR INTERLOCUTORY REVIEW

**HODGSON RUSS LLP**
Robert J. Lane, Jr.
Jodyann Galvin
Melissa N. Subjeck
The Guaranty Building
140 Pearl Street
Buffalo, New York 14202-4040
(716) 856-4000

*Attorneys for OptiGen, LLC*

# TABLE OF CONTENTS

PAGE

Preliminary Statement....................1

Argument....................1

I. INGEN'S MOTION FOR CERTIFICATION SHOULD BE DENIED....................1

A. The Certified Question Does Not Involve a Controlling Question of Law as to Which There Are Substantial Grounds for Difference of Opinion....................3

B. The Issue Presented on This Motion is Not Controlling and Certification Will Not Materially Advance the Ultimate Termination of This Litigation....................5

C. The Federal Circuit Has Already Denied Permission to Appeal on This Issue....................6

II. INGEN IS NOT ENTITLED TO STAY THIS LITIGATION....................7

III. INGEN HAS IMPROPERLY MADE A MOTION FOR RECONSIDERATION....................9

Conclusion....................11

## TABLE OF AUTHORITIES

PAGE

**FEDERAL CASES**

*Anderson Group, LLC v. City of Saratoga Springs*,
2008 WL 2064969 (N.D.N.Y. May 13, 2008)....3, 5

*Andre v. Schenectady Co.*,
1997 WL 733894 (N.D.N.Y. Aug. 7, 1997)....2, 10

*Children First Found., Inc. v. Martinez*,
2008 WL 2557433 (N.D.N.Y. June 20, 2008)....2, 5

*CLS Bank Int'l v. Alice Corp.*,
667 F. Supp. 2d 29 (D. D.C. 2009)....3, 4, 6, 7

*CLS Bank Int'l v. Alice Corp*,
2010 WL 4870094 (Feb. 2, 2010)....6

*Colon v. Bic USA, Inc.*,
2001 WL 88230 (S.D.N.Y. Feb. 1, 2001)....1, 2, 7

*Finnsuger Bioproducts v. Raytheon Engineers & Constructors*,
1998 WL 703463 (N.D. Ill. Sept. 30, 1998)....4, 5

*Flor v. BOT Financial Corp.*,
79 F.3d 281 (2d Cir. 1996)....3

*Hargroves v. The City of New York*,
2010 WL 3619542 (E.D.N.Y. Sept. 10, 2010)....8

*Kelsey v. County of Schoharie*
2007 WL 1532024 (N.D.N.Y. May 24, 2007)....2

*LaRouche v. Kezer*,
20 F.3d 68 (2d Cir. 1994)....8

*Mitrione v. Monroe, M.D.*,
2009 WL 2485825 (N.D.N.Y. Aug. 11 2009)....3

*NTP, Inc. v. Research in Motion*,
418 F.3d 1282 (Fed. Cir. 2005)....3, 4

**TABLE OF AUTHORITIES - cont'd**

PAGE

*R&L Carriers, Inc. v. Affiliated Comp. Servs., Inc.*,
695 F. Supp. 2d 680 (S.D. Ohio 2010) ....................4

*Ryan, Beck & Co., LLC v. Fakih*,
275 F. Supp. 2d 393 (E.D.N.Y. 2003) ....................2

*Seitz v. Board of Trustees of Pension Plan of New York State Teamsters Conference Pension and Retirement Fund*,
2000 WL 748102 (N.D.N.Y. June 9, 2000)....................2, 10

*U.S. Small Bus. Admin. v. Beebe*,
2009 WL 4730701 (N.D.N.Y. Dec. 4, 2009)....................9, 10

*Webster v. Mohawk Valley Cmty. Coll.*,
1991 WL 36977 (N.D.N.Y. Mar. 19, 1991) ....................2

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ....................1, 2, 8

35 U.S.C. § 271(a) ....................5, 6, 7

## Preliminary Statement

International Genetics Inc. ("InGen") has asked this Court to reconsider its March 8, 2011 Order denying InGen's Motion for Summary Judgment on OptiGen, LLC's Section 271(a) claims for offering to sell and selling the patented methods. InGen has further requested certification of the issue for interlocutory appeal and a stay of this litigation pending resolution of InGen's appeal. InGen's requests should be denied.

InGen cannot establish any of the statutory prerequisites to certification. The Federal Circuit has already denied permission to appeal on the precise issue raised on this motion, yet InGen inexplicably asks this Court to disregard the Federal Circuit and permit certification anyway. The primary basis for InGen's request is a made-up difference of opinion among courts. This Court should deny InGen's request for certification on this basis and others detailed below. Finally, InGen has entirely failed to address (let alone satisfy) its respective burdens on its motion for reconsideration and request for a stay of this litigation. Accordingly, this Court should reject these portions of InGen's motion.

## Argument

### I. INGEN'S MOTION FOR CERTIFICATION SHOULD BE DENIED

Interlocutory orders are not usually appealable.[1] Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if it finds that: (1) the order involves a controlling question of law; (2) as to which there is a substantial ground for difference of

---

1 *Colon v. Bic USA, Inc.*, 2001 WL 88230, at * 1 (S.D.N.Y. Feb. 1, 2001) (attached as Exhibit 1).

opinion; and that (3) appeal from the order will likely materially advance the ultimate termination of the litigation.[2]

The district court must "carefully assess whether each of these three conditions for certification is met."[3] Even if the moving party satisfies each of the above criteria, "a district court retains unfettered discretion to deny certification for appeal."[4] Courts have cautioned that certification "should be ***strictly limited***" because "only ***exceptional circumstances*** will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[5] Accordingly, this court routinely denies motions for certification.[6]

---

2 28 U.S.C. § 1292(b). *See also Children First Found., Inc. v. Martinez*, 2008 WL 2557433, at * 2 (N.D.N.Y. June 20, 2008) (attached as Exhibit 2); *Kelsey v. County of Schoharie* 2007 WL 1532024, at * 1 (N.D.N.Y. May 24, 2007) (attached as Exhibit 3).

3 *Colon*, 2001 WL 88230, at * 1.

4 *Kelsey*, 2007 WL 1532024, at * 1. *See also Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003) ("district court judges retain unfettered discretion to deny certification of an order for interlocutory appeal even where the three legislative criteria of section 1292(b) appear to be met."); *Children First Found., Inc.*, 2008 WL 2557433, at * 2 ("It is important to note that, even when the statutory criteria are met, district courts have broad discretion to deny a motion for certification").

5 *Ryan, Beck & Co., LLC*, 275 F. Supp. 2d at 395 (emphasis added) ("Simply put, section 1292(b) is a 'rare exception' to the final judgment rule"); *Andre v. Schenectady Co.*, 1997 WL 733894, at * 1 (N.D.N.Y. Aug. 7, 1997) (attached as Exhibit 4). *See also Seitz v. Board of Trustees of Pension Plan of New York State Teamsters Conference Pension and Retirement Fund*, 2000 WL 748102, at * 4 (N.D.N.Y. June 9, 2000) (attached as Exhibit 5) ("the Court should construe the requirements for certification strictly … leave to appeal from interlocutory appeals should be granted only in exceptional circumstances ….").

6 *Children First Found., Inc.*, 2008 WL 2557433, * 1 (denying motion for certification of an interlocutory appeal); *Kelsey*, 2007 WL 1532024, at * 1 (same); *Seitz*, 2000 WL 748102, at * 4 (same); *Webster v. Mohawk Valley Cmty. Coll*., 1991 WL 36977, at * 6 (N.D.N.Y. Mar. 19, 1991) (same) (attached as Exhibit 6).

In this case, InGen has failed to satisfy any of the statutory prerequisites to certification of an interlocutory appeal, and its request for certification should be denied.

**A. The Certified Question Does Not Involve a Controlling Question of Law as to Which There Are Substantial Grounds for Difference of Opinion**

To establish substantial grounds for difference of opinion, InGen must establish that there is "substantial reason to doubt the correctness of the district court's ruling."[7] This requires more than a "mere claim that the district court's ruling was incorrect."[8] Rather, "it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute."[9]

No substantial grounds for difference of opinion are present here. This Court based its order on the district court's decision in *CLS Bank Int'l v. Alice Corp.*, 667 F. Supp. 2d 29 (D. D.C. 2009). ***CLS Bank presented the exact issue that InGen raises on this motion.*** And, to OptiGen's knowledge, it is the only case that decided the issue. In order to create a conflict with *CLS Bank*, however, InGen mischaracterizes the Federal Circuit's decision in *NTP*,

---

7 *Anderson Group, LLC v. City of Saratoga Springs*, 2008 WL 2064969, at * 1 (N.D.N.Y. May 13, 2008) (attached as Exhibit 7).

8 *Id.*

9 *Flor v. BOT Financial Corp.*, 79 F.3d 281, 284 (2d Cir. 1996). *See also Mitrione v. Monroe, M.D.*, 2009 WL 2485825, at * 4 (N.D.N.Y. Aug. 11 2009) ("In order to determine whether there is a substantial ground for difference of opinion, the Court must analyze the strength of the arguments in opposition to the challenged ruling, and determine whether there is a substantial doubt that the district court's order was correct.") (attached as Exhibit 8). Even a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. *Flor*, 79 F.3d at 284.

*Inc. v. Research in Motion*, 418 F.3d 1282 (Fed. Cir. 2005). There is no conflict between *CLS Bank* and *NTP* — the Federal Circuit never decided the issue in *NTP*. The Federal Circuit said as much in its decision — "We ***need not and do not hold that*** method claims may not be infringed under the 'sells' and 'offers to sell' prongs of section 271(a)."[10] InGen attempts to confuse the issues by highlighting the Court's language regarding ***performance*** of a method claim. But that issue has no bearing on this motion.[11]

The other cases InGen relies on as creating a substantial difference of opinion do not support its request here. In *R&L Carriers, Inc. v. Affiliated Comp. Servs., Inc.*, 695 F. Supp. 2d 680 (S.D. Ohio 2010), the issue was indirect infringement, not liability for direct infringement under Section 271(a) as it is here. Indeed, the district court in *R&L* limited its holding to indirect infringement — "The court concludes that in **this** case, in order to state claims for indirect infringement, R&L's complaint must plead specific facts plausibly establishing that direct infringement of the '078 Patent has occurred, i.e., that a third party has actually performed each step of the patented method."[12] Likewise, *Finnsuger Bioproducts v. Raytheon Engineers &*

---

10 *NTP, Inc.*, 418 F.3d at 1320-21 (emphasis added).

11 It is curious that InGen cites the Federal Circuit's decision in *NTP* as conflicting authority, while at the same time seeking certification for the Federal Circuit to decide that very issue of "interlocutory importance." InGen Brief at 4 (Docket No. 183-1). If the issue was decided by *NTP* (which it was not), why would InGen seek certification from the very court that allegedly decided the issue?

12 *R&L Carriers, Inc. v. Affiliated Comp. Servs., Inc.*, 695 F. Supp. 2d 680, 688 (S.D. Ohio 2010) (emphasis in original). The district court also noted that the Federal Circuit "has on two occasions specifically declined to address whether a method patent … can be infringed pursuant to the 'offer to sell' clause." *Id*. at 687.

*Constructors*, 1998 WL 703463 (N.D. Ill. Sept. 30, 1998), presented the issue of indirect infringement, and therefore did not decide the issue on this motion.[13]

InGen has failed to establish any difference of opinion among courts, and its request should therefore be denied.

### B. The Issue Presented on This Motion is Not Controlling and Certification Will Not Materially Advance the Ultimate Termination of This Litigation

A question of law is "controlling" if reversal of the district court's order would terminate the action.[14] This element requires that the appeal would "literally accelerate the action as a whole."[15] It is not enough that the interlocutory appeal "would not delay the action; it must advance the time for trial or shorten the time required for trial."[16]

An interlocutory appeal here will not terminate or accelerate this litigation. Even InGen does not dispute this fact. InGen Brief at 5 (Docket No. 183-1) ("Likewise, a ruling by the Federal Circuit in favor of InGen under 35 U.S.C. § 271(a) would further ***reduce the number of issues*** at trial") (emphasis added). InGen ignores the fact that OptiGen's Lanham Act and

---

13 *Finnsuger Bioproducts*, 1998 WL 703463, at * 1 ("The issue in this case is whether direct infringement of a patent must be specifically pleaded in Finnsuger's complaint in order for Finnsuger to claim contributory infringement against Raytheon.") (attached as Exhibit 9).

14 *Anderson Group, LLC*, 2008 WL 2064969, at * 1.

15 *Id. See also Children First Found., Inc*, 2008 WL 2557433, at * 2 ("Resolution of an issue by interlocutory appeal must literally accelerate the action as a whole in order for a district court to find that it would materially advance the ultimate termination of the litigation.").

16 *Children First Found., Inc.*, 2008 WL 2557433, at * 2.

unfair competition claims also survived summary judgment. These claims present entirely separate inquiries from OptiGen's Section 271(a) claim.

In addition, InGen is the only party to this motion and to the underlying summary judgment motion. An interlocutory appeal on the Section 271(a) issue has no impact on the claims against the three other defendants in this case — Mr. Richard B. Dobbins, PinPoint DNA Technologies Inc., and Genetic Fulfillment USA, Inc.[17] PinPoint committed infringement in the United States, and OptiGen has a claim against PinPoint (and InGen's) sole owner, Mr. Richard B. Dobbins, for piercing the corporate veil. The extraterritoriality issue is not present in those claims, and they would remain even if the Federal Circuit were to reverse this Court's decision on OptiGen's Section 271 claim.

Because an interlocutory appeal would not accelerate the action as a whole, InGen's request should be denied.

### C. The Federal Circuit Has Already Denied Permission to Appeal on This Issue

The Federal Circuit denied permission to appeal on the precise issue InGen seeks to have certified for interlocutory appeal here: "whether a method performed outside the United States can be "sold" or "offered for sale" in the United States within the meaning of 35 U.S.C. § 271(a)."[18] The Federal Circuit found it "more appropriate" for the trial court to complete its

---

17 Mr. Dobbins is the sole owner of PinPoint and InGen. The defendants in this case are all represented by the same counsel.

18 *CLS Bank Int'l v. Alice Corp*, 2010 WL 4870094, at * 1 (Feb. 2, 2010) (attached as Exhibit 10). Compare the issue presented in *CLS Bank* with the issue presented by InGen: "Whether a method performed outside the United States for customers located

proceeds on the remaining issues in the case, rather than for the court "to review the issues at [the] interlocutory stage."[19] InGen attempts to distinguish the procedural posture of *CLS Bank* by explaining that, in *CLS Bank*, "the Court had not resolved the question of whether the asserted method patents were valid." InGen Brief at 4 (Docket No. 183-1). But that issue has yet to be decided by the Court in this case as well. In its Answer, InGen (and the other defendants) asserted affirmative defenses and a counterclaim for invalidity of OptiGen's patents. (Docket No. 11). The defendants again asserted invalidity as a defense and counterclaim in its Amended Answer served on March 31, 2011 — after this motion was filed. (Docket No. 184). Thus, the procedural posture is the same. InGen offers no reason or basis to believe that the Federal Circuit will suddenly change course and grant certification for interlocutory appeal here.

InGen cannot establish any of the statutory prerequisites to certification of an interlocutory appeal. This Court should deny InGen's request for certification.[20]

## II. INGEN IS NOT ENTITLED TO STAY THIS LITIGATION

InGen has requested a stay of this litigation pending resolution of InGen's appeal for interlocutory review. InGen Brief at 5 (Docket No. 183-1).

---

within the United States can be 'sold' or 'offered for sale' in the United States within the meaning of 35 U.S.C. § 271(a)." (Docket No. 183). InGen agrees that the issues are "nearly identical." InGen Brief at 3 (Docket No. 183-1).

19 *Id*.

20 *Colon*, 2001 WL 88230, at * 1 (The district court must "carefully assess whether ***each of these three*** conditions for certification is met") (emphasis added).

A stay pending interlocutory appeal is not automatic. As InGen correctly points out, Section 1292(b) provides that "application for an appeal hereunder ***shall not*** stay proceedings in the district court ***unless*** the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b) (emphasis added).

When deciding a motion to stay discovery pending interlocutory appeal, a court must determine whether: (1) the defendant has shown a likelihood of success on appeal; (2) the defendant will suffer irreparable harm; (3) a stay will not injure the other parties in the case; and (4) the stay is in the public interest.[21]

InGen does not address any of these factors. Rather, InGen relies exclusively on Section 1292(b) and makes the conclusory assertion that a ruling in its favor would ***reduce*** the number of issues at trial. InGen Brief at 5 (Docket No. 183-1) (emphasis added). But InGen does not show that the Federal Circuit is ***likely*** to rule in its favor. For the reasons stated in Section I above, OptiGen asserts that the Federal Circuit is not likely to even consider the issue on interlocutory appeal. In any event, likelihood of success on the merits is but one factor in this Court's analysis — InGen ignores the remaining factors in their entirety. For this reason alone, InGen's request for a stay should be rejected out of hand.

InGen's request for a stay is simply another attempt to delay the trial of this matter. This litigation was initially delayed by several months while InGen located new counsel. InGen (and its co-defendants) then initiated more delay tactics by obstructing legitimate

---

21 *Hargroves v. The City of New York*, 2010 WL 3619542, at * 1 (E.D.N.Y. Sept. 10, 2010) (attached as Exhibit 11). *See also LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994).

discovery (that required intervention by this Court). *See* Docket Nos. 82, 121, and 156. OptiGen will continue to suffer extreme prejudice if this litigation is further delayed. During the long pendency of this litigation, OptiGen has been deprived of its statutory right to exclude others under its patent, and InGen has essentially been granted a royalty-free license for that period.[22]

For these reasons, a stay of this litigation is baseless, and this Court should deny InGen's request for a stay.

## III. INGEN HAS IMPROPERLY MADE A MOTION FOR RECONSIDERATION

InGen has asked this Court to reconsider its March 8, 2011 Order Denying InGen's Motion for Summary Judgment. InGen Brief at 1 (Docket No. 183-1). InGen has failed, however, to provide ***any*** argument in support of its motion for reconsideration. Accordingly, it is unclear whether InGen is truly seeking reconsideration of this Court's Order.

In order to prevail on its motion for reconsideration, InGen must satisfy "stringent requirements."[23] There are three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not

22 Of course, InGen's continued sale of and offers to sell prcd testing strengthens OptiGen's claim that InGen's infringement is willful.

23 *U.S. Small Bus. Admin. v. Beebe*, 2009 WL 4730701, at *1 (N.D.N.Y. Dec. 4, 2009) (attached as Exhibit 12).

previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.[24] As the movant, InGen must satisfy at least one of these three factors.[25]

InGen has failed to satisfy any of the three possible grounds for reconsideration. In fact, InGen did not even attempt to meet its burden on this motion — other than citing the local rule, there is literally ***no discussion*** of the above prerequisites anywhere in InGen's motion.

In any event, even if InGen attempted make an argument in support of its motion for reconsideration (which it did not), no adequate bases exist upon which this Court could grant the motion. First, there has been no intervening change in controlling law since the parties finished briefing this issue in September 2010. Second, no new evidence has become available in the past several months that would require reversal of this Court's Order. Finally, this Court has made no clear error of law.

Because InGen has failed to meet its high burden, and because no proper grounds exist upon which InGen could conceivably base its motion, this Court must deny InGen's motion for reconsideration.

---

24 *Id.*; *Seitz*, 2000 WL 748102, at * 1.

25 *See Andre*, 1997 WL 733894, at * 1 (N.D.N.Y. Aug. 7, 1997).

## Conclusion

InGen has failed to meet the statutory requirements for certification of an interlocutory appeal, and its motion should be denied. Further, because InGen did not even address its respective burdens on its motion for reconsideration and request to stay this litigation, those portions of InGen's motion should be rejected by this Court. OptiGen should be awarded the costs of opposing this motion.

Dated: April 4, 2011

**HODGSON RUSS LLP**
*Attorneys for OptiGen, LLC*

By s/Melissa N. Subjeck
Robert J. Lane, Jr.
Jodyann Galvin
Melissa N. Subjeck
The Guaranty Building
140 Pearl Street
Buffalo, New York 14202
Telephone: (716) 856-4000