UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OPTIGEN, LLC,
                Plaintiff,

v.

INTERNATIONAL GENETICS, INC.;
GENETIC FULFILLMENT USA, LLC;
PINPOINT DNA TECH., INC.;
and RICHARD B. DOBBINS,
                Defendants,
_____

INTERNATIONAL GENETICS, INC.;
GENETIC FULFILLMENT USA, LLC;
PINPOINT DNA TECH., INC.;
and RICHARD B. DOBBINS,
                Counter-Claimants,

v.

OPTIGEN, LLC,
                Counter-Defendant,
_____

Lead Case No.
5:09-CV-0006
(GTS/GJD)

OPTIGEN, LLC,
                Plaintiff,

v.

INTERNATIONAL GENETICS, INC.;
GENETIC FULFILLMENT USA, LLC;
PINPOINT DNA TECH., INC.;
and RICHARD B. DOBBINS;
                Defendants,
_____

Member Case No.
5:09-CV-0457
(GTS/GJD)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HODGSON RUSS LLP<br>  Counsel for Plaintiff<br>The Guaranty Building<br>140 Pearl Street, Suite 100<br>Buffalo, NY 14202-0349 | JODYANN GALVIN, ESQ.<br>ROBERT J. LANE, JR., ESQ.<br>MELISSA N. SUBJECK, ESQ. |
| FLYNN PEELER & PHILLIPS, LLC<br>  Counsel for Defendants International Genetics<br>  Genetic Fulfillment USA, Pinpoint DNA<br>  Technologies, and Richard B. Dobbins<br>517 West Broad Avenue<br>P.O. Box 7 (31702)<br>Albany, GA 31701 | CHARLES E. PEELER, ESQ. |
| MEGGESTO CROSSETT & VALERINO, LLP<br>  Counsel for Defendants International Genetics,<br>  Genetic Fulfillment USA, Pinpoint DNA<br>  Technologies, and Richard B. Dobbins<br>313 East Willow Street, Suite 201<br>Syracuse, NY 13203 | JAMES A. MEGGESTO, ESQ. |

HON. GLENN T. SUDDABY, United States District Judge

### **DECISION and ORDER**

Currently before the Court in the above-captioned patent infringement action is a motion filed by Defendant International Genetics, Inc. ("Defendant InGen") for the following two forms of relief: (1) reconsideration of that portion of the Court's Decision and Order of March 8, 2011, denying Defendant InGen's motion for summary judgment on Plaintiff's patent-infringement claim against Defendant InGen pursuant to 35 U.S.C. § 271(a), so as to permit Defendant InGen to seek interlocutory review of a question of law regarding that claim;[1] and (2) an Order staying trial of this matter pending resolution of the appeal.  (Dkt. No. 183.)  For the reasons set forth below, Defendant InGen's motion is denied.

---

[1] More specifically, Defendant InGen essentially requests that the Court modify its prior Decision and Order so as to state that the following question of law qualifies for interlocutory review pursuant to 28 U.S.C. § 1292(b): "Whether a method performed outside the United States for customers located within the United States can be 'sold' or 'offered for sale' in the United States within the meaning of 35 U.S.C. § 271(a)."

2

"The standard for granting a motion for reconsideration is strict . . . ." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Generally, a court may justifiably reconsider its previous ruling only if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice." *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514 U.S. 1038 (1995); *accord*, *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983); *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.); 18B Wright & Miller, *Federal Practice and Procedure* § 4478, at 670-91 (2d ed. 2002 & Supp. 2009).

As an initial matter, the Court will set aside the fact that nowhere in Defendant InGen's underlying motion for summary judgment can the Court find a request that it grant Defendant InGen the alternative relief of stating that the question of law at issue qualifies for interlocutory review pursuant to the standard set forth in 28 U.S.C. § 1292(b). (*See generally* Dkt. No. 116 [Defs.' Motion for Summary Judgment]; Dkt. No. 137 [Defs.' Reply on its Motion for Summary Judgment].)[2] More important is the fact that, as Plaintiff correctly points out in its response papers, nowhere in Defendant InGen's pending motion for reconsideration does it apply, much less cite, the above-described legal standard for granting a motion for reconsideration. (*See generally* Dkt. No. 183.) Similarly absent from Defendant InGen's pending motion is any showing that there has been an intervening change in controlling law, that new evidence not previously available has come to light, or that reconsideration is necessary to remedy a clear

---

[2] To the contrary, the Court construed Defendant InGen's motion for summary judgment as suggesting that any difference of opinion with regard to the question of law at issue was not *substantial*, because the legal authority offered by Plaintiff regarding that question of law was "either incorrect or not applicable to the facts of this case." (Dkt. No. 177, at 11 [attaching page "6" of Defs.' Suppl. Reply on Their Motion for Summary Judgment]; *see also* Dkt. No. 116 [Defs.' Motion for Summary Judgment]; Dkt. No. 137 [Defs.' Reply on Their Motion for Summary Judgment].)

error of law or to prevent manifest injustice. (*Id*.)

The closest Defendant InGen comes to doing so is by arguing that, in its Decision and Order of March 8, 2011, the Court should have *sua sponte* stated that the question of law at issue qualifies for interlocutory review pursuant to 28 U.S.C. § 1292(b). However, two problems exist with this argument. First, the Court committed no such error. This is because (1) the question of law at issue is not *controlling*, (2) there is no *substantial* ground for difference of opinion as to that question of law, and (3) an immediate appeal from the Court's Decision and Order of March 8, 2011, would not *materially advance the ultimate termination* of the litigation. The Court reaches this conclusion for the reasons articulated by Plaintiff in its Opposition Memorandum of Law, which the Court incorporates by reference in this Decision and Order, which is intended primarily for the review of the parties. (Dkt. No. 185, at 5-10 [attaching pages "1" through "6" of Plf.'s Opp. Memo. of Law].) Second, even if the Court did commit such an error, the error was hardly a "clear" one, nor did it cause "manifest injustice."

Finally, because Defendant InGen's request for reconsideration is denied, its accompanying request for a stay is denied without prejudice as moot.

**ACCORDINGLY**, it is

**ORDERED** that Defendant InGen's motion for reconsideration and a stay (Dkt. No. 83) is **DENIED**.

Dated: May 4, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge